IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES STEINER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:14cv1256-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is federal inmate James Steiner's ("Steiner") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Doc. No. 1.[1] After considering the parties' submissions, the record, and the applicable law, the court finds that Steiner's § 2255 motion should be denied without an evidentiary hearing. Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

## I. INTRODUCTION

On October 1, 2009, a jury found Steiner guilty of conspiracy to commit carjacking, in violation of 18 U.S.C. § 371 (Count One); aiding and abetting a carjacking, in violation of 18 U.S.C. §§ 2119 & 2 (Count Two); and aiding and abetting the use and carrying of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) & 2 (Count 3). After a sentencing hearing on June 18, 2010, the district court sentenced Steiner to 195 months in prison, comprising concurrent terms of 75 months each on the conspiracy and carjacking counts and a consecutive term of 120 months on the firearm count.

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action. Page references are to those assigned by CM/ECF.

Steiner appealed, arguing (1) there was insufficient evidence to support his convictions; (2) the Government failed to establish venue by a preponderance of the evidence; (3) the district court erred by applying an obstruction-of-justice enhancement; and (4) his sentence was substantively unreasonable. *See* Doc. No. 6-9.

On September 7, 2011, the Eleventh Circuit Court of Appeals affirmed Steiner's conviction and sentence. *See* 440 Fed. App'x 745 (11th Cir. 2011). Steiner did not seek certiorari review in the Supreme Court.

On December 23, 2014, Steiner filed a § 2255 motion presenting the following claims:

1. The Supreme Court's decision in *Rosemond v. United States*, 134 S.Ct. 1240 (2014), invalidates his conviction for aiding and abetting the use and carrying of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c).

2. Counsel was ineffective for—

    (a) failing to object to the district court's failure to instruct jurors that aiding and abetting in commission of the § 924(c) offense required Steiner to have advance knowledge that a firearm would be used in the crime; and

    (b) failing to present mitigating evidence at sentencing that Steiner did not brandish the firearm or know it would be used in the crime.

Doc. No. 1 at 2–4.

In January 2016, Steiner amended his § 2255 motion to argue that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidates his § 924(c) conviction, because the underlying carjacking charged in that offense cannot qualify as a crime of violence under § 924(c)'s "residual clause." Doc. No. 13; *see also* Doc. No. 19.

## II.  DISCUSSION

**A.   Steiner's Claim Under *Rosemond***

Steiner contends that the Supreme Court's decision in *Rosemond v. United States*, 134 S. Ct. 1240 (2014), invalidates his conviction for aiding and abetting the use and carrying of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). *See* Doc. No. 1 at 2–4. In *Rosemond*, the Supreme Court held that to prove aiding and abetting the offense of using or carrying a firearm during and in relation to a crime of violence, the government must show "that the defendant actively participated in the underlying … violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." 134 S.Ct. at 1243. Steiner claims he had no advance knowledge that his codefendants would use a gun in commission of the carjacking. Doc. No. 1 at 2–3.

### 1. Steiner's <u>Rosemond</u> Claim Is Time-Barred.

The Government tentatively argues that Steiner's *Rosemond* claim is untimely under the one-year limitation period in 28 U.S.C. § 2255(f)(1) because Steiner filed his § 2255 motion over three years after his judgment of conviction became final. *See* Doc. No. 6 at 16–20. But then the Government suggests Steiner's *Rosemond* claim may be timely under 28 U.S.C. § 2255(f)(3) because Steiner filed his motion within one year after the decision in *Rosemond*, which issued on March 5, 2014.[2] *Id*. Steiner himself contends that his claim is timely under § 2255(f)(3). *See* Doc. No. 1 at 1, 4–5; Doc. No. 12.

---

[2] The court doesn't consider the Government's tentativeness on this issue to constitute an express waiver of the statute-of-limitations defense, but rather an incorrect prediction by the Government that this and other courts would find *Rosemond* to be retroactively applicable on collateral review. District courts may *sua sponte* consider the statute-of-limitations defense if the Government does not deliberately waive the defense. *See Wood v. Milyard*, 132 S.Ct. 1826, 1830 (2012); *Day v. McDonough*, 547 U.S. 198, 202 (2006); *United States v. Bendolph*, 409 F.3d 155, 165 (3d Cir. 2005).

As a general rule, a motion to vacate under 28 U.S.C. § 2255 must be filed within a year of the date on which the petitioner's judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). One exception to this general rule is provided in § 2255(f)(3), which reopens the one-year time period from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[3] 28 U.S.C. § 2255(f)(3).

The Supreme Court has not made its decision in *Rosemond* retroactively applicable to cases on collateral review, nor has any court within the Eleventh Circuit determined that it is retroactively applicable. *See, e.g., Nesbitt v. Rathman*, No. 1:14cv606, 2016 WL 783881, at *3 (N.D. Ala. Jan. 28, 2016) (determining *Rosemond* does not apply to second or successive habeas petition). Further, nearly every district court to have dealt with the issue has held that *Rosemond* did not create a new rule of law. *See, e.g., Cooper v. Brien*, No. 5:14CV112, 2015 WL 6085717, at *3-4 (N.D. W.Va. Oct. 16, 2015) (holding *Rosemond* is not retroactively applicable and listing cases where *Rosemond* was not retroactively applied); *Evans v. United States*, No. 14-2170, 2015 WL 5838647, at *3 (W.D. Tenn. Oct. 7, 2015) ("The Supreme Court did not hold *Rosemond* to be retroactively applicable to cases on collateral review, and this court declines to do so."); *Smith v. Warden*, No. 15-CV-515, , *3 (W.D. La. Jun. 18, 2015) (noting that "the Supreme Court was clear that its *Rosemond* holding was directed by established precedent"); *Woods v. Wilson*, No. 15-623ADM/HB, 2015 WL 2454066, *5 (D. Minn. May 22, 2015) (concluding that "the holding in *Rosemond* does not represent a new rule of law"); *Nix v. United States*, No. 1:15–cv–79–LG, 2015 WL 2137296, *2–3 (S.D. Miss. May 7, 2015) (concluding that *Rosemond* is not retroactively

---

[3] If the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from [the] Court's decision within which to file his § 2255 motion." *Dodd v. United States*, 545 U.S. 353, 358 (2005).

4

applicable to cases on collateral review); *Aquil v. Butler*, No. 6:14–230–DCR, 2015 WL 1914404, *4 (E.D. Ky. Apr. 27, 2015) (concluding that a § 2241 petition could not proceed under the savings clause based on *Rosemond* because "*Rosemond* does not apply retroactively to cases on collateral review"); *Minyana v. United States*, 41 F.Supp.3d 343, 345 (S.D. N.Y. 2014) ("There is no indication that the Supreme Court intended for [*Rosemond*] to apply retroactively ...."); *Whitener v. United States*, No. 3:14-CV-00600-MOC, 2014 WL 6808789, at *2 (W.D. N.C. Dec. 2, 2014); ("*Rosemond* is not retroactively applicable to cases on collateral review.") *Montana v. Cross*, No. 3:14–cv–01019, 2014 WL 5091708, *3 (S.D. Ill. Oct. 10, 2014) (collecting cases that refuse to apply *Rosemond* retroactively); *Martinez v. United States*, No. 3:01-CR-229-L(02), 2014 WL 3361748, at *2 (N.D. Tex. Jul. 9, 2014) ("*Rosemond* did not announce a new 'substantive' rule ... the Supreme Court was clear that its *Rosemond* holding was dictated by established precedent."). *But see United States v. Greene*, Nos. 14-C-431, 08-CR-124, 2015 WL 347833, *2 (E.D. Wisc. Jan. 23, 2015) (concluding that *Rosemond* applied retroactively to a § 2255 motion attacking a § 924(c) conviction).

This court joins the majority of district courts that have dealt with this issue and concludes that *Rosemond* does not apply retroactively on collateral review because it did not announce a "new rule."  A judgment of conviction becomes final for someone who appeals to an appellate court when the time for seeking certiorari review in the Supreme Court expires.  *See Kaufman v. United States*, 282 F.3d 1336, 1337–39 (11th Cir. 2002).  The Eleventh Circuit affirmed Steiner's conviction and sentence on direct appeal on September 7, 2011.  *See* 440 Fed. App'x 745 (11th Cir. 2011).  Steiner had 90 days from the Eleventh Circuit's decision to seek certiorari review in the Supreme Court.  He did not petition the Supreme Court for certiorari.  Thus, his judgment of conviction became final on December 6, 2011—90 days after September 7, 2011.  Under 28 U.S.C.

5

§ 2255(f)(1), Steiner had until December 6, 2012, to file a timely § 2255 motion. Because this court finds *Rosemond* is not retroactively applicable on collateral review, Steiner is not entitled to its use to apply § 2255(f)(3) as a triggering event for statute of limitation purposes.

The *Rosemond* claim Steiner asserts in his § 2255 motion, which was filed on December 23, 2014, was raised well after expiration of the one-year limitation period in § 2255(f)(1); therefore, the claim should be dismissed as untimely.[4]

### 2. Steiner's *Rosemond* Claim Lacks Merit.

Even if *Rosemond* is retroactively applicable to cases on collateral review and Steiner's *Rosemond* claim is not time-barred, the holding in *Rosemond* affords Steiner no relief. Steiner claims he had no advance knowledge that his codefendants would use a gun in commission of the carjacking. Doc. No. 1 at 2–3. The record indicates otherwise.

In its decision on Steiner's direct appeal, the Eleventh Circuit specifically found that Steiner knew his codefendant Wayne Ware had placed two guns—a 9 mm pistol and an AK-47 assault rifle—into the Chevy Blazer that Steiner drove, with Ware and his other codefendants as passengers, before the men left to "go hit a lick," i.e., rob someone. 440 Fed. App'x at 749; *see also* Doc. No. 6-3 at 208. Steiner was present with Ware and the others when the robbery was planned earlier that evening, and he agreed to participate in the crime. Doc. No. 6-3 at 206–07, 234–36. Steiner, at the wheel, used the Blazer to force the victims' car off the road and into a ditch, where the victims were robbed at gunpoint. The evidence showed that, after his codefendants brandished and fired their weapons, Steiner continued to fully participate in the

---

[4] Steiner does not allege or demonstrate that § 2255(f)(2) or (4) governs the limitation period in his case or that he is entitled to equitable tolling of the limitation period. Moreover, he does not present a colorable claim of actual innocence.

crime, including assisting in extracting the victims' car from the ditch, after which he got into the driver's seat and sped away with his codefendants.[5] *Id*. at 19–20, 211–14.

The Court in *Rosemond* noted that "if a defendant continues to participate in a crime after a gun was displayed or used by a confederate, the jury can permissibly infer from his failure to object or withdraw that he had such knowledge [that a gun would be used or carried in commission of the crime]." 134 S. Ct. at 1250 n.9. Here, ample evidence established that Steiner had advance knowledge that his codefendants would use a gun in commission of the carjacking. Thus, Steiner's conviction for aiding and abetting in commission of the § 924(c) offense does not fall afoul of *Rosemond*, and Steiner is entitled to no relief on this claim.

**B. Steiner's Ineffective-Assistance Claims**

Steiner also argues that his counsel rendered ineffective assistance by (a) failing to object to the district court's failure to instruct jurors that aiding and abetting in commission of the § 924(c) offense required that he have advance knowledge that a firearm would be used in the crime, and (b) failing to present mitigating evidence at sentencing that he did not brandish a firearm or know one would be used in the crime. Doc. No. 2 at 2–3. Steiner's ineffective-assistance claims are time-barred for the same reason his substantive *Rosemond* claim is time-barred: they were raised over three years after his judgment of conviction became final. Because Steiner's ineffective-assistance claims were raised well after expiration of the one-year limitation period in 28 U.S.C. § 2255(f)(1), they should be dismissed as untimely.

Even assuming Steiner's ineffective-assistance claims are predicated on the Supreme Court's holding in *Rosemond* and further assuming (without finding) that § 2255 claims relying

---

[5] Steiner and his codefendants left their own vehicle, the Blazer, at the scene because it stalled after Steiner forced the victims' car off the road.

on *Rosemond* are not time-barred if raised within one year after *Rosemond* was decided, Steiner's ineffective-assistance claims would be denied on the merits. An attorney's failure to predict a Supreme Court ruling—even if a claim based upon anticipation of that ruling was reasonably available when counsel failed to raise it—does not constitute ineffective assistance of counsel. *See, e.g., United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001); *Pitts v. Cook*, 923 F.2d 1568, 1572–74 (11th Cir. 1991). Therefore, counsel's failure to object to the jury instructions and present matters at sentencing based on arguments under *Rosemond* did not constitute ineffective assistance of counsel.

## C. Steiner's Claim Under *Johnson*

Steiner argues that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidates his § 924(c) conviction, because the underlying carjacking charged in that offense cannot qualify as a crime of violence under § 924(c)'s residual clause. Doc. No. 13; *see also* Doc. No. 19.

In *Johnson*, decided on June 26, 2015, the Supreme Court determined that the definition of "violent felony" under the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.[6] *See* 135 S. Ct. at 2557–59, 2563. The Court also held, "Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony." *Id.* at 2563. The decision did not address the definition of a crime of violence found in 18 U.S.C. § 924(c)(3).

Section 924(c)(3) defines "crime of violence" as—

... an offense that is a felony and—

---

[6] In April 2016, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1264–65 (2016).

8

>     (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
>     (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) of § 924(c)(3) is referred to as the force clause and subsection (B) is referred to as the residual clause.

Whether the holding in *Johnson* extends to the residual clause in § 924(c)(3) is an open question in the Eleventh Circuit. *See In re Sams*, 830 F.3d 1234, 1237 (11th Cir. 2016); *In re Pinder*, 824 F.3d 977, 978 (11th Cir. 2016). However, the Eleventh Circuit has held that, "[e]ven assuming that *Johnson* invalidated § 924(c)'s residual clause [§ 924(c)(3)(B)], that conclusion would not assist [a defendant whose] underlying conviction on which his § 924(c) conviction was based ... [met] the requirements that the force clause in § 924(c)(3)(A) sets out for a qualifying underlying offense." *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016). Indeed, the Eleventh Circuit has specifically held that carjacking in violation of 18 U.S.C. § 2119 is a crime of violence under the force clause, 18 U.S.C. § 924(c)(3)(A). *Smith*, 829 F.3d at 1280–81 ("In short, our precedent holds that carjacking in violation of § 2119 satisfies § 924(c)'s force clause, and that ends the discussion.") (footnotes omitted). The Eleventh Circuit has further held that where the companion substantive conviction qualifies as a crime of violence under the force clause in § 924(c)(3)(A), a conviction for aiding and abetting the companion substantive conviction equally qualifies as a crime of violence under the force clause. *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) (aiding and abetting Hobbs Act robbery was crime of violence under 924(c)(3)(A)'s force clause because companion substantive conviction for Hobbs Act robbery was a crime of violence under the force clause). Here, because carjacking is a crime of violence under the force

9

clause in § 924(c)(3)(A), Steiner's conviction for aiding and abetting a carjacking is a crime of violence under that same force clause.

For the reason indicated above, Steiner is entitled to no relief from his § 924(c) conviction based on *Johnson*.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied and that this case be dismissed with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before April 28, 2017.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc)..

DONE this 13th day of April, 2017.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE