IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES STEINER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CV-1256-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

In October 2009, a jury found Petitioner James Steiner guilty of conspiracy to commit carjacking, in violation of 18 U.S.C. § 371; aiding and abetting a carjacking, in violation of 18 U.S.C. §§ 2119 and 2; and aiding and abetting the use or carrying of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. Subsequently, on June 18, 2010, this court sentenced Steiner to 195 months in prison. The Eleventh Circuit affirmed Steiner's conviction and sentence on September 7, 2011, *United States v. Ware*, 440 F. App'x 745 (11th Cir. 2011), after which Steiner did not seek certiorari review in the Supreme Court.

On March 5, 2014, the U.S. Supreme Court decided *Rosemond v. United States*, 134 S. Ct. 1240 (2014), which held that for a conviction under 18 U.S.C. § 924(c), the Government must show "that the defendant actively participated in the

underlying . . . violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." 134 S. Ct. at 1243. Arguing that he had no such advance knowledge and that the Supreme Court's ruling applied retroactively, Steiner filed a motion under 28 U.S.C. § 2255 on December 29, 2014, seeking to vacate his conviction under § 924(c). (Doc. # 1.) Specifically, Steiner argued that he was actually innocent of the § 924(c) violation, that the trial court erred by failing to instruct the jury of § 924(c)'s advance notice requirement, and that his counsel was ineffective for failing to object to the erroneous jury instructions. (Doc. # 1.) The Government opposed these claims on the grounds that they were untimely, procedurally improper, and without merit. (Doc. # 6.)

On June 26, 2015, the Supreme Court announced another decision, *Johnson v. United States*, 135 S. Ct. 2551 (2015), that Steiner believes affected his conviction under § 924(c). In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's residual clause was unconstitutionally vague, and in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court clarified that the rule announced in *Johnson* applies retroactively. On January 11, 2016, Steiner amended his § 2255 motion and now argues that *Johnson* dictates that the residual clause in § 924(c)(3)(B) is unconstitutionally vague as well. (Doc. # 13.)

In a Recommendation, filed pursuant to 28 U.S.C. § 636(b), the Magistrate Judge finds that Steiner's *Rosemond* claims are both time-barred and without merit because Steiner had advance knowledge of the use of a firearm in the crime; that the ineffective assistance of counsel claim is both time-barred and without merit because his counsel could not be expected to predict a future Supreme Court holding; and that the *Johnson* claim—though an issue of first impression—is without merit because the conviction could be affirmed through an alternative provision within § 924(c). (Doc. # 22.) Accordingly, the Magistrate Judge recommends that Steiner's § 2255 motion be denied.

Steiner filed objections to the Magistrate Judge's Recommendation. (Doc. # 26.) Based upon an independent and *de novo* review of those portions of the Recommendation to which objection is made, *see* 28 U.S.C. § 636(b), the Recommendation is due to be adopted and the objections are due to be overruled.

## II. DISCUSSION

Steiner objects to all of the Recommendation's conclusions, including that his *Rosemond* claim is time-barred and without merit, that his ineffective assistance of counsel claim is time-barred and without merit, and that his *Johnson* claim is without merit. Steiner also objects to what he alleges is the Magistrate Judge's failure to

address his claim that the trial court's jury instructions were plainly erroneous. The objections are addressed in turn.[1]

**A.     Steiner's *Rosemond* Claim**

Steiner argues that the Magistrate Judge incorrectly finds that his *Rosemond* claim was untimely under 28 U.S.C. § 2255(f)(1), which includes a statute of limitations of one year from the date on which the conviction becomes final. Instead of the § 2255(f)(1) limitation generally applicable to § 2255 motions, Steiner argues that his *Rosemond* claim is subject to the rule found in § 2255(f)(3), under which the statute of limitations does not begin to run until "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  As explained, contrary to Steiner's contentions, the Magistrate Judge's conclusion that the § 2255(f)(1) limitation applies is well reasoned and correct.

First, it cannot be said that the Government waived its ability to assert a timeliness defense.  Steiner points out—and the Magistrate Judge recognizes—that the Government used confusing language in noting that "[i]t appears that *Rosemond*

---

[1] The facts and applicable law are set out in more detail in the Recommendation and are not repeated here except as necessary to understand the court's decision.

4

did announce a new substantive rule . . . that should be made retroactively applicable to cases on collateral review." (Doc. # 6, at 20.) However, considering that this excerpt falls within a section of the Government's Response titled "Steiner's § 2255 Motion Is Untimely Under § 2255(f)(1) And He Has Not Met The Requirements For Application Of § 2255(f)(3) Unless This Court Itself Finds That *Rosemond* Is Retroactively Applicable Under *Teague v. Lane*," it is clear that the Government is inartfully arguing in the alternative, not expressly waiving a timeliness defense. (Doc. # 6, at 18.)

Second, the Magistrate Judge reasons that "nearly every" district court to consider whether *Rosemond* applies retroactively has determined that it does not. (Doc. # 22, at 4.) Opposing the substantial majority of district courts to consider this issue, Steiner argues that *Rosemond* announced a new substantive rule, and it therefore applies retroactively under *Teague v. Lane*, 489 U.S. 288 (1989). *See Welch*, 136 S. Ct. at 1265–66. However, as the Magistrate Judge finds, *Rosemond* did not announce a "new rule." (Doc. # 22, at 5.) When considering a direct appeal, the Eleventh Circuit mentioned that *Rosemond* "clarified" what the Government must prove for a § 924(c) conviction, and this court will not go further to find that *Rosemond* contains a new rule of law that applies retroactively. *United States v. Davis*, 754 F.3d 1205, 1222 (11th Cir. 2014), *reh'g en banc granted,*

5

*opinion vacated*, 573 F. App'x 925 (11th Cir. 2014), *and on reh'g en banc reinstated in relevant part*, 785 F.3d 498 (11th Cir. 2015); *see Walker v. United States*, No. 2:14CV625-MHT-GMB, 2017 WL 4856277, at *3 (M.D. Ala. Sept. 27, 2017) (finding *Rosemond* does not apply retroactively), *report and recommendation adopted*, No. 2:14CV625-MHT, 2017 WL 4856167 (M.D. Ala. Oct. 26, 2017). *But see Farmer v. United States*, 867 F.3d 837, 841–42 (7th Cir. 2017) (holding that *Rosemond* does apply retroactively on collateral review).

Moreover, even if the court were to find that *Rosemond* had retroactive application and Steiner's claim were not time-barred, the Magistrate Judge correctly finds his claim to be without merit. (Doc. # 22, at 6.) The Eleventh Circuit specifically noted that Steiner was "aware" that his codefendant placed guns into the vehicle that Steiner drove on the way to the carjacking, *Ware*, 440 F. App'x at 749, and Steiner presents no authority or convincing reason for disturbing that finding. Additionally, as the Magistrate Judge found, Steiner's continued participation in the carjacking after his co-defendants fired their weapons at the victims' car is sufficient under *Rosemond* to establish that he had advance knowledge that his cohorts would use a firearm to accomplish the crime.[2] *See* 134 S. Ct. at 1205 n.9.

---

[2] Contrary to Steiner's contentions, there is trial testimony suggesting that Steiner had ample opportunity to abandon the crime once his co-defendants began firing their weapons. After Steiner forced the victims' car off the road and his co-defendants began firing their weapons, the

**B.     Steiner's Jury Instruction and Ineffective Assistance of Counsel Claims**

Steiner also objects to the Magistrate Judge's purported failure to address whether the district court erred by failing to instruct the jury on § 924(c)'s advance notice requirement—the rule announced in *Rosemond*. While the Magistrate Judge may not have squarely addressed this issue (instead addressing it in the context of ineffective assistance of counsel), this claim is time-barred for the same reason that Steiner's direct *Rosemond* claim is time-barred. And, as argued by the Government in its Response to Steiner's initial § 2255 Motion, (Doc. # 6, at 26–27), Steiner is procedurally barred from challenging those instructions on collateral review because he did not challenge them on direct appeal. *See McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001) (enforcing procedural bar even when collateral attack is based on new Supreme Court ruling).

Similarly, the Magistrate Judge correctly finds that Steiner's claim for ineffective assistance of counsel based on *Rosemond*'s advance notice requirement is time-barred for the same reason that his direct *Rosemond* claim is time-barred. (Doc. # 22, at 7.) And, even if that claim were not time-barred, Steiner's counsel

---

four alleged perpetrators convened to discuss their next move before deciding to take the victims' vehicle. Though it is unclear for how long Steiner and his co-defendants considered their situation on the side of the road, it appears to have been more than enough time for Steiner to recognize and object to the presence of firearms. (*See* Doc. # 6-3, at 25–26, 51.)

cannot be deemed deficient for failing to predict a future Supreme Court ruling. "In this circuit, we have a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel." *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001).

**C.** **Steiner's *Johnson* Claim**

Finally, Steiner objects to the Magistrate Judge's conclusion that Steiner is not entitled to relief based on the Supreme Court's recent decision in *Johnson*. In *Johnson*, the Supreme Court held that the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii)—which provides an alternative definition of "violent felony"—was unconstitutionally vague. 135 S. Ct. at 2557. The Supreme Court later clarified that *Johnson*'s holding applies retroactively on collateral review. *Welch*, 136 S. Ct. at 1264–65. Based on *Johnson*, Steiner argues that the statutory definition of "crime of violence" contained in § 924(c)(3)(B)—the residual clause—is unconstitutionally vague as well.

The Magistrate Judge correctly reasons that, even if *Johnson* mandated that § 924(c)(3)(B) was unconstitutionally vague, Steiner's conviction could be upheld under § 924(c)(3)(A) (the "force clause") as well because the carjacking involved the use of force. (Doc. # 22, at 9); *see In re Smith*, 829 F.3d 1276, 1280–81 (11th Cir. 2016) ("In short, our precedent holds that carjacking in violation of § 2119

satisfies § 924(c)'s force clause, and that ends the discussion."). Additionally, since the Magistrate Judge issued his Recommendation and Steiner made his objections, the Eleventh Circuit has held that "*Johnson* does not apply to or invalidate § 924(c)(3)(B)." *Ovalles v. United States*, 861 F.3d 1257, 1259 (11th Cir. 2017). There is now no question that, in this circuit, § 924(c)(3)(B) is not unconstitutionally vague under the Supreme Court's decision in Johnson.

### III. CONCLUSION

The Magistrate Judge's Recommendation that this court reject Steiner's collateral challenge to his conviction under 18 U.S.C. § 924(c) contains no error, and the objections to that Recommendation lack merit. Accordingly, it is ORDERED as follows:

1. Steiner's objections (Doc. # 26) are OVERRULED;

2. The Recommendation of the Magistrate Judge (Doc. # 22) is ADOPTED;

3. Steiner's 28 U.S.C. § 2255 motion is DENIED; and

4. This action is DISMISSED with prejudice.

A final judgment will be entered separately.

DONE this 14th day of November, 2017.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE